UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JENNIFER REINOEHL,

    Plaintiff,

v.                                       CAUSE NO. 3:21-CV-608 DRL-MGG

CENTERS FOR DISEASE CONTROL
AND PREVENTION *et al.*,

    Defendants.

## OPINION & ORDER

Jennifer Reinoehl filed a motion to disqualify the presiding judge under 28 U.S.C. §§ 144 and 455. She also filed a motion to vacate the court's December 10, 2021 order that the court interprets as a motion to reconsider. Because her alleged grounds for recusal are without merit, the court denies the motion and denies her motion to reconsider.

## DISCUSSION

A.    *The Court Denies the Motion to Recuse.*

A judge must recuse only when the circumstances merit it. *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 717 (7th Cir. 2004) (citing *United States v. Ming*, 466 F.2d 1000, 1004 (7th Cir. 1972)). Ms. Reinoehl says the presiding judge must recuse under both recusal statutes, 28 U.S.C. §§ 144 and 455.

Under 28 U.S.C. § 455(a), a judge must recuse from "any proceeding in which his impartiality might reasonably be questioned." This is an "objective inquiry," *In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990), "'from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances,'" *Cheney v. United States Dist. Court for Dist. of Columbia*, 541 U.S. 913, 924 (2004) (Scalia, J., sitting alone) (quoting *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000)). The reasonable observer is a "well-informed, thoughtful observer rather than [ ] a hypersensitive or unduly suspicious person." *In re Mason*, 916 F.2d at 386. A reasonable person "appreciate[s] the significance

of the facts in light of relevant legal standards and judicial practice and can discern whether any appearance of impropriety is merely an illusion." *In re Sherwin-Williams Co.*, 607 F.3d 474, 478 (7th Cir. 2010).

The second standard, found in marrying two similarly worded statutes, requires recusal when the judge has a "personal bias or prejudice" against a party in the proceeding. 28 U.S.C. §§ 144, 455(b)(1). These two statutes present identical standards. *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1025 (7th Cir. 2000) ("Because the phrase 'personal bias or prejudice' found in Section 144 mirrors the language of Section 455(b)," the court analyzes the two statutory methods of disqualification identically). In determining whether a judge must recuse under this actual bias standard, "the question is whether a reasonable person would be convinced the judge was biased." *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996) (quotation omitted).

Recusal is only required "if actual bias or prejudice is 'proved by compelling evidence.' . . . from an extrajudicial source." *Id.* (quoting *United States v. Balistrieri*, 779 F.2d 1191, 1201 (7th Cir. 1985), *overruled on other grounds*, *Fowler v. Butts*, 829 F.3d 788, 793 (7th Cir. 2016)); *see O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001). The bias must be personal rather than judicial, and "the facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) (citation omitted). Even "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge," unless the remarks "reveal an opinion that derives from an extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Moreover, "a judge's ordinary efforts at courtroom administration—even a stern and short tempered judge's ordinary efforts at courtroom administration—remain immune." *Id.* at 556.

2

Before engaging the substance of Ms. Reinoehl's motion, the court pauses to address whether the motion was timely filed. This circuit has held that a motion to disqualify a judge under 28 U.S.C. § 455 must be considered no matter how belatedly it is made, *see SCA Servs., Inc. v. Morgan*, 557 F.2d 110, 117 (7th Cir. 1977), though the vitality of that holding remains in question, *see, e.g.*, *Schurz Commc'ns v. FCC*, 982 F.2d 1057, 1060 (7th Cir. 1992); *Union Carbide Corp. v. U.S. Cutting Serv., Inc.*, 782 F.2d 710, 716-17 (7th Cir. 1986); *United States v. Murphy*, 768 F.2d 1518, 1539 (7th Cir. 1985). The court won't view the motion based on 28 U.S.C. § 455 as untimely.

28 U.S.C. § 144, by contrast, requires that a motion be "timely" filed with a "sufficient affidavit." This circuit has held that a § 144 motion is "not timely unless filed at the earliest moment after the movant acquires knowledge of the facts demonstrating the basis for such disqualification." *Sykes*, 7 F.3d at 1339 (citations and quotations omitted). Ms. Reinoehl claims in her affidavit that she discovered the information warranting recusal—such as the presider's and his family member's employment at the University of Notre Dame, his former association with a law firm, and former opinions and cases of his as a judge and practitioner—between November 8, 2021 and December 24, 2021 [ECF 134-2 ¶ 10-13]. Despite the vague timeframe of when she acquired each piece of knowledge, the court will nevertheless consider the merits of the motion.

A federal judge is required to disqualify himself from a case if "[h]e knows that he . . . or his spouse . . . has a financial interest in the subject matter of the controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4). Financial interest is defined as "ownership of a legal or equitable interest, however small[.]" 28 U.S.C. § 455(d)(4). "However, 'where an interest is not direct, but is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality.'" *Hook*, 89 F.3d at 356 (quoting *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988)).

Ms. Reinoehl argues that the presiding judge has a financial interest warranting recusal because of employment at the University of Notre Dame. The University of Notre Dame is not a party here. The outcome of this case has no meaningful bearing on the University of Notre Dame. Ms. Reinoehl has not demonstrated, and the court is hard-pressed to imagine, any financial interest that is directly affected by her case. *See id.* Under the objective standard, the presider's or family's ties to the University of Notre Dame would not cause a disinterested observer fully informed of the underlying facts to have any doubt, much less a significant one, about the presider's ability to be impartial here. *See Cheney*, 541 U.S. at 924. This argument is frivolous.

Ms. Reinoehl also alleges that the presider has a previous financial interest from government lobbying from his prior association at a law firm creating an appearance of impropriety. She blanketly states the presider "earned income throughout most of his legal career catering to and defending local, state, and federal government officials and agencies, such as the ones named as Defendants in this case." This ground for recusal has no foundation in law or fact. The presider was never a registered lobbyist, and nothing in his employment history has anything to do with Ms. Reinoehl or her case. The presiding judge's former law firm is not representing a party to this case.

"All judges come to the bench with a background of experiences, associations, and viewpoints. This background alone is seldom sufficient in itself to provide a reasonable basis for recusal." *Brody v. President & Fellows of Harvard College*, 664 F.2d 10, 11 (1st Cir. 1981) (holding that a judge's status as an alumnus of the defendant school "hardly seems likely to manifest itself in a bias" and did not warrant recusal). The presider has no financial interest or affiliation today that brings into question his impartiality, and Ms. Reinoehl's general assertions are not the kind of specific facts that might warrant recusal. *See Hook*, 89 F.3d at 356.

Ms. Reinoehl next alleges that the presiding judge has certain personal biases or prejudices that warrant his recusal. She suggests he has a bias against *pro se* litigants. Outside of other meritless and

4

speculative suggestions, the heart of Ms. Reinoehl's argument is that the presiding judge's rulings in her case and docket management establish that he is biased against her as a *pro se* litigant. This presider takes his oath quite seriously, and "administer[s] justice without respect to persons," doing so "faithfully and impartially." 28 U.S.C. § 453.

Ms. Reinoehl's arguments include that the presider didn't protect her from a defendant describing her as vexatious litigant [ECF 134 at 2-3] and that her complaint was treated differently than the complaint in *Klaassen v. The Trustees of Indiana University*, Cause No. 1:21-cv-238, where the plaintiffs had counsel [*id.* 3]. First, Ms. Reinoehl hasn't been labeled by this court as a vexatious litigant, and the actions of parties before this court aren't synonymous with the actions and views of the judge. Further, this court's decisionmaking in *Klaassen*, as compared to Ms. Reinoehl's case, does not demonstrate bias, nor is it an extrajudicial source in truth.

The complaints in both cases are not comparable. The complaint in *Klaassen* had one defendant, one challenged policy or mandate, two counts, and addressed an issue of first impression under federal law, doing so in a clear 55 pages (and 61 pages of exhibits), in part because of an emergent timetable and injunction request. In contrast, Ms. Reinoehl's original complaint sued 16 sixteen defendants (many unrelated), seemingly 10 or 11 challenged policies, 10 counts with multiple claims within counts, and trailed 128 pages long with 246 pages of exhibits. The court has not treated similarly situated plaintiffs differently. The presiding judge retains no personal bias against *pro se* litigants, nor has Mr. Reinoehl demonstrated such personal bias. *See Sykes*, 7 F.3d at 1339. Indeed, the court has afforded Ms. Reinoehl more than one opportunity to correct her deficiencies and provided some guidance in doing so, precisely because she is *pro se*.

Ms. Reinoehl advances a host of other arguments about the court's prior rulings in her case all amounting to the argument that the court erred in ordering her to amend her complaint to comply with the Federal Rules of Civil Procedure 8 and 20 with the possibility of severance and dismissal of

5

her claims. She argues that the presider blames her for the defendants' actions, which amounts to argument about how the presider should've managed the docket in her case; insults her by quoting precedent from the court of appeals, *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); handled her complaint in this case differently than her unrelated 55-page complaint against three defendants filed in the Western District of Michigan (*Reinoehl v. Whitmer et al.*, Cause No. 1:21-cv-61); incorrectly decided the court's December 10, 2021 order; shouldn't have mentioned she untimely filed her amended complaint per court order; ignored Rule 15 and any jurisdictional issues; and made false and misleading statements about Ms. Reinoehl and her complaint in his order. None of these are grounds for recusal or appropriate arguments for a motion to recuse.

Bias against a litigant must arise from extrajudicial sources. *United States v. Griffin*, 84 F.3d 820, 831 (7th Cir. 1996). Ms. Reinoehl's arguments challenge the substance of the court's rulings. *See Liteky*, 510 U.S. at 555 ("judicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion" as "they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required [ ] when no extrajudicial source is involved"); *see also Barnett v. City of Chi.*, 952 F. Supp. 1265, 1269 (N.D. Ill. 1997) ("Should disqualification result merely as a result of counsel's disagreement with judicial conclusions reached in the course of litigation, the judicial system would grind to a halt."). Adverse orders and other judicial rulings are not today sufficient for establishing bias for disqualification. *See Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1025 (7th Cir. 2000).

Ms. Reinoehl next argues that the presiding judge has a bias in favor of the defendants. Her support for this claim stems from her intent to challenge the decision in *Jacobson v. Massachusetts*, 197 U.S. 11 (1905). She claims she will not receive a fair trial because this presiding judge applied *Jacobson*—binding United States Supreme Court precedent—in his July 2021 decision in *Klaassen*. In the same

6

decision, the presider cited the Food and Drug Administration and Centers for Disease Control and Prevention; therefore, she alleges he has a bias in favor of them as defendants in this case.

This prior judicial opinion doesn't show bias or the appearance of bias warranting recusal. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. There is a general presumption that a court acts according to the law and not personal bias or prejudice. *See Withrow v. Larkin*, 421 U.S. 35, 47 (1975). "Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's views of the law, erroneous as that view might be." *McLaughlin v. Union Oil Co. of Cal*, 869 F.2d 1039, 1047 (7th Cir. 1989). The presider's prior decision in *Klaassen* applied binding United States Supreme Court precedent—which this court must do and which this court does for all such precedent—and cited relevant government agency publications. Neither would convince a reasonable person that the presiding judge is biased by merely doing his job as a federal judge.

"A thoughtful observer understands that putting disqualification in the hands of a party, whose real fear may be that the judge will *apply* rather than disregard the law, could introduce a bias into adjudication." *In re Mason*, 916 F.2d at 386. Just because Ms. Reinoehl disagrees with or dislikes a previous ruling of the presider does not mean that the judge must then recuse.

In sum, Ms. Reinoehl's arguments for recusal consist of either "'unsupported, irrational or highly tenuous speculation,'" *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) (quoting *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981)), or assertions about the validity of the court's rulings. She offers no meritorious grounds for recusal. Accordingly, the court denies Ms. Reinoehl's motion for the presiding judge to recuse.

B.   *The Court Denies Ms. Reinoehl's Motion to Vacate.*

The court interprets Ms. Reinoehl's motion to vacate as a motion to reconsider the court's December 10, 2021 order. Under Rule 54(b), interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012).

A motion to reconsider an interlocutory order may be granted as justice requires. *Sandifer v. United States Steel Corp.*, 2010 U.S. Dist. LEXIS 635, 3 (N.D. Ind. Jan. 5, 2010) (citing *Akzo Coatings v. Ainger Corp.*, 909 F. Supp. 1154, 1160 (N.D. Ind. 1995)). The standard for reconsideration is the same standard as under Rule 59(e): "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citing *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). A motion for reconsideration may be appropriate when the court has misunderstood a party, made a decision outside of the issues presented by the parties, or made an error of apprehension, or when a significant change in the law has occurred or significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Ms. Reinoehl argues the December 10, 2021 order should be reconsidered because the order misstates that the number of exhibits grew from her original complaint to her second amended complaint and because of her motion to recuse the presider. Ms. Reinoehl appears quite right that her proposed second amended complaint attached 256 *pages of exhibits* rather than 256 *exhibits*, and that her original complaint attached 246 *pages of exhibits* rather than 246 *exhibits*. That correction aside, the point of the order remains the same, so her motion to reconsider is denied.

Her remaining argument seems to misunderstand federal procedure. On August 18, 2021, Ms. Reinoehl filed her original 128-page complaint with 246 pages of exhibits [ECF 1]. On September 24, 2021, she filed a DVD with the court [ECF 49]. On October 1, 2021, she filed six notices with

additional exhibits that she assumes were part of her original complaint [ECF 52, 55, 58, 61, 64, 67]. She may not and did not amend her original complaint by filing exhibits disconnected from any complaint after her original complaint was filed and without any motion. To avoid confusion regarding claims that can result from successive filings, the court does not accept piecemeal amendments or modifications to a complaint. *Winfrey-Bey v. Burle*, 2021 U.S. Dist. LEXIS 192706 2-3 (S.D. Ill. Oct. 6, 2021). To have added all the supplemental exhibits to her original complaint, she must have filed a new amended complaint that was complete. Her proposed second amended complaint was 129 pages long with 256 pages of exhibits and was larger than her original stricken complaint. The court didn't rely on a mistake of fact in the December 10, 2021 order.

## CONCLUSION

For these reasons, the courts DENIES Ms. Reinoehl's motion to recuse the presiding judge [ECF 134] and her motion to vacate/reconsider the December 10, 2021 order [ECF 135].

SO ORDERED.

February 16, 2022                              *s/ Damon R. Leichty*
                                               Judge, United States District Court