UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JENNIFER REINOEHL, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-608 DRL-MGG |
| CENTERS FOR DISEASE CONTROL AND PREVENTION *et al.*, | |
| Defendants. | |

OPINION & ORDER

Jennifer Reinoehl filed a suit *pro se* against sixteen defendants ranging from various federal government agencies to state government officials to county government bodies to several private businesses. The court struck her original complaint and denied her proposed first amended complaint for noncompliance with pleading standards, including Federal Rules of Civil Procedure 8(a)(2), (d) and 20(a)(2). The court afforded Ms. Reinoehl leave to amend her complaint by November 30, 2021 with clear guidance on how to comply.

Ms. Reinoehl filed a motion to reconsider, which the court denied. She once more filed a noncompliant proposed pleading on December 6, 2021. The court again afforded Ms. Reinoehl leave to amend by January 4, 2022. On December 29, 2021, she filed a motion requesting the presiding judge to recuse and a motion to vacate the court's previous order. Both were denied. Although more than a month has passed since the last pleading deadline, she has yet to file an amended complaint, much less one in accordance with the court's order. The court dismisses this case accordingly.

DISCUSSION

Each complaint Ms. Reinoehl filed didn't comply with the federal rules, including Rules 8(a)(2), (d), 12(f)(1), and 20(a)(2). She has since not complied with the court's orders. Despite the court's cautioning, she has continued to file prolix and unintelligible complaints against improperly joined

defendants, and most recently declined to file any amended complaint at all that would permit this case to proceed. The court has given Ms. Reinoehl more than one opportunity to comply.

In an old pleading—her proposed second amended complaint now since inoperative—she disregarded the court's kind admonitions about how to plead her claims properly. Without a proper pleading in hand, and by way of brief background only, the court endeavors here to capture a snapshot of this old 129-page pleading, recognizing that due its length and unintelligibility, this description falls well short of reiterating all it says or making sense of the connection among her claims or the connection among the defendants and their alleged misconduct.

Back then, she alleged the Centers for Disease Control and Prevention (CDC) and Dr. Anthony Fauci conducted research on United States citizens without their consent in violation of the Fourteenth Amendment, "Title 45 § 46.166, and 21 CFR § 812.5." Alongside the CDC and Dr. Fauci, she alleged the Food and Drug Administration's actions were arbitrary, capricious, irrational, and abusive, and increased the spread of COVID-19, though she didn't seem to be challenging any rulemaking under the Administrative Procedure Act. She seemed to allege that their testing procedures were not accurate and their guidelines were not supported by research. She also alleged they violated the Americans with Disability Act (ADA), First Amendment, Fifth Amendment, Fourteenth Amendment (substantive and procedural due process), the Indiana Constitution, the Federal Food, Drug, and Cosmetic Act, and 21 U.S.C. § 360bbb-3 (authorization for medical products for use in emergencies).

She then turned to a host of state and county government defendants. She alleged these defendants—including Governor Eric Holcomb, Dr. Kristina Box, the St. Joseph County Health Department, St. Joseph County Council, Elkhart County Health Department, Elkhart County Council, Marion County Health Department, and Marion City-County Council—were also liable under the same statutes and constitutional provisions. According to her proposed second amended

complaint, these parties, based on their respective spheres of governance from St. Joseph County, Elkhart County, Marion County, and the State of Indiana, acted arbitrarily, capriciously, irrationally, and abusively, and increased the spread of COVID-19. She seemed to allege they were liable for a host of conduct—from banning "recreational" medical procedures, closing nonessential businesses, failing to establish efficient contact tracing mechanisms, failing to educate on handwashing, and failing to build enough field hospitals.

Ms. Reinoehl seemed primarily to take issue with mask mandates. She contended that the mandates included certain exemptions for the disabled but failed to prohibit discrimination, and instead promoted discrimination through propaganda campaigns. For instance, she alleged she was harassed for not wearing a mask when she attended various St. Joseph County Council meetings. She had to "risk her life" by wearing a mask to file a lawsuit at a state courthouse in St. Joseph County. The Elkhart County Council required documentation of a disability not to wear a mask. And in Marion County, she twice wasn't allowed to file a lawsuit in person until she donned a mask.

To various private businesses then she went. She sued five private businesses—Beacon Medical Group, AMC Theatres, Menard, Krispy Kreme, and Sephora—for violating the ADA. She alleged certain of these defendants additionally violated 42 U.S.C. § 12182(b)(1)(a)(iii) by providing insufficient accommodations to non-mask wearing individuals. For instance, she said Beacon Medical Group required her to wait in a secluded corner because she wouldn't wear a mask, harassed her about not wearing a mask, forced her to discuss billing in a public waiting room instead of a private office, and forced her to leave on one occasion for not wearing a mask. Menard wouldn't allow her to shop in-store without a mask but told her she could shop online. Krispy Kreme also wouldn't let her shop in-store without a mask but told her she could go through the drive-thru line. AMC Theatres and Sephora forbid entry into their businesses without a mask, with no exemptions.

In one sentence, Ms. Reinoehl alleged the policies and practices of these businesses were "contrary to the orders, mandates, and recommendations by government agents and agencies" but also "in accordance with their propaganda materials" [ECF 130-1 ¶ 150]—an altogether Janus-like allegation that she has not explained with facts that would give meaning to it or demonstrate a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). She elsewhere stated the opposite: "Government Defendants promoted the widespread practice of discrimination through their mandates, recommendations, policies, and propaganda" [*id.* ¶ 141]. Although parties may plead in the alternative, neither alternative did Ms. Reinoehl elucidate with facts that would support a plausible claim; and, instead, to the point, her proposed pleading remained mired in a confusing and prolix entanglement of allegations.

More still, Ms. Reinoehl also claimed to bring this "lawsuit under the Federal Constitution, 42 U.S.C. § 1983, 45 CFR § 46.116, 29 U.S.C. § 701, and 42 US Code § 12101, among other laws . . . seek[ing] declaratory relief, injunctive relief, and damages from all Defendants" [*id.* ¶ 302] and additionally alleged state law claims of negligence [*id.* ¶ 503] and some type of harassment [*id.* ¶ 495] against all the defendants.

The court has afforded her the opportunity to state plainly her claims and to remove improperly joined defendants. The court has given her this chance more than once. She has now declined even to attempt to file an amended pleading, though the court has waited now an additional month since the deadline for her to do so.

Holistically Ms. Reinoehl's complaints have been unintelligible due to their length; excess and impertinent information and exhibits; arguments made rather than facts pleaded; tangential mentions of liability under numerous constitutional provisions, statutes, and agency rules; and the joinder of mostly unrelated claims against sixteen defendants. Rule 8 requires a "short and plain statement of the claim" with allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d). A complaint

4

must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and, if so, what it is. *See Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of what the plaintiff claims).

Two defendants filed answers to her complaint that each exceeded 160 pages. Six motions to dismiss were filed. Motions for extensions were filed. A motion for leave to file excess pages in briefing came as well. "A complaint that is prolix and/or confusing makes it difficult for the defendant[s] to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994); *see Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.") (quotations and citation omitted); *Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 439 (8th Cir. 1983) (affirming dismissal with prejudice of needlessly prolix and confusing complaint because the "style and prolixity of these pleadings would have made an orderly trial impossible"); *see also* 2A Moore's Federal Practice § 8.13, at 8-58 (noting that Rule 8 compliance allows a defendant to answer the complaint and that Rule 8 prevents problems with conducting pretrial discovery, formulating pretrial orders, and applying *res judicata*). The court administers rules to secure "the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, and enforcing compliance with Rule 8 is vital to such administration, *see generally In re McDonald*, 489 U.S. 180, 184 n.8 (1989) ("Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct [that] impairs their ability to carry out Article III functions.") (citation omitted).

Ms. Reinoehl's opening complaint was 128 pages with 246 pages of exhibits; her proposed first amended complaint was 151 pages with 324 pages of exhibits; her proposed second amended complaint was 129 pages with 256 pages of exhibits (despite the court's guidance); and now she has left the case without an operative pleading at all (despite the court's warnings). Though length alone may not warrant dismissal of a complaint, its added unintelligibility as a whole and lack of organization do. *Stanard v. Nygren*, 658 F.3d 792, 797-98 (7th Cir. 2011); *United States ex rel. Garst v. Lockheed-Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003); *see, e.g., Davis v. Anderson*, 718 Fed. Appx. 420, 423 (7th Cir. 2017) (affirming dismissal of case with 165-page amended pleading with 429 pages of exhibits); *Garst*, 328 F.3d at 376 ("pestilential" 155-page complaint followed by 99 attachments); *Vicom*, 20 F.3d at 775 (119-page complaint); *Hartz v. Friedman*, 919 F.2d 469, 471 (7th Cir. 1990) (125-page complaint); *Jennings v. Emry*, 910 F.2d 1434, 1435 (7th Cir. 1990) (55-page complaint); *see generally Flayter v. Wis. Dep't of Corr.*, 16 Fed. Appx. 507, 509 (7th Cir. 2001).

Length and unintelligibility are often intertwined because "[l]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Garst*, 328 F.3d at 378. Her complaints have been not just needlessly long, unclear, and repetitious but confusing as to what exact claims she is pursuing, what facts are pleaded, what facts are relevant based on the alleged violations, and where those facts may be scattered in her lengthy complaint, not least because of the frequent inclusion of impertinent matter. *See* Fed. R. Civ. P. 12(f)(1). Obliging all sixteen defendants to answer Mr. Reinoehl's pleading would "fly in the face of the very purposes for which Rule 8 exists." *Lonesome v. Lebedeff*, 141 F.R.D. 397, 398 (E.D.N.Y. 1992).

Beyond violating federal pleading standards, Ms. Reinoehl's complaint violates the rules of joinder—a subject that the court also has addressed with her before. *See* Fed. R. Civ. P. 20(a)(2). Rule 20 permits multiple defendants to be joined in a single action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same

6

transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, but also to ensure plaintiffs cannot skirt the required filing fees or pleading standards. *Id.*

What constitutes a "transaction, occurrence or series of transactions or occurrences" is determined on a case-by-case basis. The court looks to the relationship of the conduct giving rise to the claims to permit all reasonably related claims against different parties to be brought in a single proceeding. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863-64 (7th Cir. 2018); *see also Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007) (interpreting transaction or occurrence for compulsory counterclaims under Rule 13); *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (explaining series of transactions or occurrences). Rule 20 doesn't permit a single action against multiple defendants simply because they are all liable under the same theory or cause. *See Wheeler v. Wexford Health Sources, Inc.*, 2012 U.S. App. LEXIS 15975, 6 (7th Cir. 2012); *see, e.g., In re Nuclear Imaging Sys., Inc.*, 277 B.R. 59, 63 (Bankr. E.D. Pa. 2002).

The court has broad discretion in deciding whether to sever or dismiss a party for improper joinder, *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (citing *Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 56 (7th Cir. 1982)); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000), and may dismiss multiple parties *sua sponte*, *see* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

In addition to the two Rule 20(a)(2) requirements, the court may consider "'other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.'" *Chavez*, 251 F.3d at 632 (quoting *Intercon Research Assocs.*, 696 F.2d at 58). For example, joinder may be improper if it "would create 'prejudice, expense, or delay.'" *Id.* (citation omitted). If the Rule 20(a)(2) test is not satisfied or if there are other factors that make joinder improper, then the court can dismiss the claims against the defendants under Rule 21. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (violations of Rule 20 should be solved by "severance" or "dismissing the excess defendants under Fed. R. Civ. P. 21"); *Lee v. Cook Cnty.*, 635 F.3d 969, 971 (7th Cir. 2011) ("When a federal civil action is severed, it is not dismissed."); *see also* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action.").

The court afforded Ms. Reinoehl the opportunity of selecting specific defendants and related claims to pursue in this case and then the option to pursue other claims against other defendants in separate suits, providing her some guidance on how she might do this, given her *pro se* status. But once more she has ignored these opportunities and now declined to file any pleading.

The court also has the power inherently and under Rule 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute. *See, e.g., Link v. Wabash R. Co.*, 370 U.S. 626, 633-636 (1962); *Harding v. Federal Reserve Bank of N.Y.*, 707 F.2d 46, 50 (2d Cir. 1983) (dismissal for failure to comply with deadline for filing amended complaint). The court first ordered Ms. Reinoehl to amend her complaint to comply with Rules 8 and 20 by a specified date. She filed a tardy, noncompliant complaint. A second time, the court ordered her to file an amended complaint that complied with the rules by a specified date. She neglected to file a complaint or a motion for an extension—and not out of lack of ability given her other filings in this case. She has declined to follow the federal rules despite adequate warning and instruction and disregarded the court's order to file an amended complaint, which on this record the court can only characterize as

contumacious. The court twice warned Ms. Reinoehl that her suit would be dismissed if she failed to comply with the court's orders.

As a result, no operative complaint exists in this case. A case cannot proceed without one. The court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, no complaint exists for the court to liberally construe. Even as a *pro se* litigant, Ms. Reinoehl is required to follow the Federal Rules of Civil Procedure and this district's local rules, and she is not excused from complying with her responsibilities as a litigant. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (stating that while "courts are required to give liberal construction to [*pro se*] pleadings . . . [,] it is also well established that [*pro se*] litigants are not excused from compliance with procedural rules"); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (stating that "the Supreme Court has made clear that even *pro se* litigants must follow rules of civil procedure"). Ms. Reinoehl's failure to amend her complaint within the time permitted amounts to both a failure to prosecute and a failure to comply with a court order. *See Link*, 370 U.S. at 633-636; *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice); Fed. R. Civ P. 41(b).

Ms. Reinoehl's complaints improperly concealed her claims in a "sea of irrelevancies," *Watford v. LaFond*, 725 Fed. Appx. 412, 413 (7th Cir. 2018) (internal quotations omitted); *see* Fed. R. Civ. 8(a)(2), 8(d), 12(f)(1), and joined unrelated claims against different defendants, *see* Fed. R. Civ. P. 20(a)(2). Most fatal is her refusal to comply with the court's order to file an amended complaint. Though noncompliance with Rule 8 is enough on its own to dismiss her case, the court may have generously allowed a defendant or related claims to remain under Rule 21 but for Ms. Reinoehl's failure to file an amended complaint. Without an operative complaint, the court cannot determine the exact causes of

9

action that Ms. Reinoehl intends to bring to even permit claims against a defendant to remain—nor can the court ascertain the basis for jurisdiction ever mindful of the court's role as a "jurisdictional hawk." *Lowrey v. Tilden*, 948 F.3d 759, 760 (7th Cir. 2020); *accord Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chi. Combine & Ctr., Inc. v. City of Chi.*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). Standing and mootness loom large here too.

Furthermore, to allow claims against a defendant to proceed, the court would need to afford Ms. Reinoehl—for the third time—leave to amend her complaint. She failed to comply with the court's previous orders to file an amended complaint, so it makes little sense to give her yet another opportunity. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)) ("[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.").

## CONCLUSION

Because Ms. Reinoehl failed to prosecute and comply with court orders and the federal rules, the court DISMISSES the case with prejudice. The court DIRECTS the clerk to enter judgment accordingly.

SO ORDERED.

February 16, 2022  *s/ Damon R. Leichty*
Judge, United States District Court